LaFayette W. Argetsinger, Jr., S.
Carmela T. Clark died testate on January 31, 1956, leaving her surviving, Edward J. Clark, her husband. Her will named Dominick M. Tallarida, her brother, as executor thereof and made no provision for her husband. The will was admitted to probate on March 8, 1956, and letters testamentary were issued to the said Dominick M. Tallarida, whereupon the surviving spouse, Edward J. Clark, filed a notice of election to take his intestate share, which election was duly filed in the Surrogate’s office on March 8, 1956.
This proceeding is brought for the purpose of resolving a dispute with reference to the bequests of real estate in paragraphs Second and Third (residuary clause) and for an order authorizing sale of the real estate conveyed to Edward J. Clark, Jr., by said residuary provision of the will.
Since paragraph Second of the will devises certain real estate to Dominick M. Tallarida, brother of decedent, it becomes necessary to construe same in order to determine just what is conveyed and what “ all of the rest, residue and remainder ” consists of with respect to real property.
Paragraph Second reads, 1 give, devise and bequeath to my brother, Dominick M. Tallarida of 102 S. Porter Street, Watkins Glen, N. Y. a lot facing 9th Street in the Village of Watkins Glen, New York, and being fifty (50) feet along the north line of 9th Street and being the same depth, north and south, as the lot on which my house located at the northwest corner of 9th and Porter Street now stands. Said lot to be the western fifty (50) feet of my house lot.”
The real estate owned by the decedent, according to a certain warranty deed dated October 21, 1946, and recorded in Schuyler County Clerk’s office in liber 92 of deeds at page 587, which recited therein that said premises were later acquired by Carmela A. Clark by court order (Carmela A. Clark being the same person as Carmela T. Clark), consists of an ell-shaped piece of property located on the northwest corner of Porter. Street and 9th Street, being 50 feet wide on Porter Street and 100 feet in depth along 9th Street, the ell portion of said lot being 25 feet in width and 100 feet in depth running north and south from 9th Street.
*77 The question here is whether testator intended to convey only the western portion of her property facing on Porter Street, being 50 feet in depth from 9th Street, or the western portion of her entire premises 100 feet in depth from 9th Street.
At a hearing November 27, 1956, these matters were discussed but no testimony was taken because an offer was made by attorney Henry Valent on behalf of his client, the petitioner herein (contingent upon the surviving spouse, the respondent herein withdrawing and waiving his right of election), to pay all the debts amounting to around $4,200 and to establish a trust for Edward J. Clark, Jr., so that he would receive the entire estate of the decedent, that part of the property devised by paragraph Second of said will to the executor to be conveyed to the trustee by deed and the personal property by a bill of sale. The court was later advised that the debts to be paid by the said executor would be paid back to him by rentals from the real estate during the minority of said Edward J. Clark, Jr.
Another hearing was held December 4, 1956, at which time sworn testimony was taken. At this hearing there was further discussion of the offer to create a trust for the benefit of Edward J. Clark, Jr., provided the surviving spouse waive his right of election. Subsequent to this hearing the court has been advised that the surviving spouse has refused to consent thereto.
The last sentence of paragraph Second of said will states that “ said lot to be the western fifty feet of my house lot This might be construed to indicate that she only intended to convey in paragraph Second of said will that portion of her house lot which faces on Porter Street and is 50 feet in width. However, in the first sentence of said paragraph she states and being the same depth north and south, as the lot on which my house located ”. The depth of the lot on which the house now stands is 100 feet. The same depth is intended in the devise of the property facing on 9th Street. To interpret the devise as contended for by counsel for the respondent would result in a rectangular piece of property 25 by 50 feet in the rear of said lot facing on 9th Street with no access to either 9th or Porter Streets without resort to court action. It hardly seems reasonable that the testator intended any such result. Furthermore, the devise in paragraph Second clearly indicates that the property being devised, facing on 9th Street, shall be of the same depth as the property facing on Porter Street, which is 100 feet. I cannot see any other reasonable conclusion in the interpretation of this will. The intent of *78 testator should he given effect and words in conflict therewith should not be substituted. (Matter of Naylor, 195 Misc. 775; see, also, Surrogate’s Ct. Act, § 145.)
There is still another question to be resolved in construing paragraph Second of said will which purports to convey the western portion of her lot facing on Porter Street 50 feet in width. This would result in cutting off about 5 feet of the west portion of her house which faces on Porter Street, which house and the lot on which it is situated the testator clearly intended to devise to her son, Edward J. Clark, Jr., by the provision in the residuary paragraph of her said will. It is the understanding of the court that all the parties involved in this proceeding (and the court concurs), agree that the deceased intended to preserve the integrity of said house. There is nothing in the will to assist the court in determining where the line should run between the house and premises conveyed in paragraph Second of the will. However, it is felt that, in order to allow at least a minimum of garden space in the rear of said house, at least somewhere between 10 and 25 feet west of the west side of the house, including porch, should be allowed. However, such a determination cannot be read into the will and the court feels that the parties should attempt to agree upon the location of the line between these properties. But if the parties cannot agree, the line shall be 10 feet west of the west side of the porch on the west side of the house, and to run parallel with the west line of Porter Street.
As to the request of the petitioner herein to sell the real property devised to Edward J. Clark, Jr., in order to pay testator’s just debts, funeral expenses and the expenses of administration, the petition to sell is granted with the understanding that the property shall be sold for not less than $6,000 at private sale or at public auction to the highest bidder.
Let an order issue accordingly.